UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROOFER'S PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PAPA, et al.,

Defendants.

No. 16-CV-2805-MCA-LDW

**STIPULATION AND ORDER APPROVING
NOTICE OF PENDENCY OF CLASS ACTION**

WHEREAS, on November 30, 2018, Lead Plaintiff Perrigo Institutional Investor Group moved to certify three classes of investors, to appoint it as class representative, and to appoint its counsel, Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP, as class counsel (ECF No. 163);

WHEREAS, on November 14, 2019, after full briefing, this Court issued an Opinion (ECF No. 226) and entered an Order (ECF No. 227) granting Lead Plaintiff's motion for class certification. The Order appointed Lead Plaintiff as class representative, appointed Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP as class counsel, and certified the following three classes:

(a) <u>U.S. Purchaser Class</u>, consisting of "[a]ll persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the New York Stock Exchange or any other trading center within the United States and were damaged thereby;

(b) <u>TASE Purchaser Class</u>, consisting of "[a]ll persons who purchased Perrigo's publicly

traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the Tel Aviv Stock Exchange and were damaged thereby; and

(c) <u>Tender Offer Class</u>, consisting of "[a]ll persons who owned Perrigo common stock as of November 12, 2015 and held such stock through at least 8:00 a.m. on November 13, 2015 (whether or not a person tendered their shares in response to tender offer of Mylan, N.V.);

WHEREAS, on November 29, 2019, Defendants filed a petition to the United States Court of Appeals for the Third Circuit pursuant to Federal Rule of Civil Procedure 23(f) seeking leave to file an interlocutory appeal of the aforementioned Opinion and Order;

WHEREAS, on April 30, 2020, the United States Court of Appeals for the Third Circuit entered an order denying Defendants' petition;

WHEREAS, Lead Plaintiff requests that the Court, pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices") to be disseminated to the Classes as well as the proposed method for dissemination of these Notices;

WHEREAS, Defendants maintain their objections to the Court's grant of class certification, however, Defendants do not oppose the form of the proposed Notices; and

WHEREAS, the Court has reviewed the Notices submitted and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court approves the form, substance, and content of the Notices.

2. The proposed form and content of the Notices meet the requirements of Rule

23(c)(2)(B) of the Federal Rules of Civil Procedure – as they clearly and concisely state in plain and easily understood language, the nature of the action, the definition of the class certified, the class claims, issues or defenses, that a Class Member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the Class any member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure. The Notice and Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. Co-Lead Counsel is hereby authorized to retain JND Legal Administration (the "Notice Administrator") to supervise and administer the notice procedure as more fully set forth below. Notice shall be provided by Co-Lead Counsel as follows:

(a) No later than twenty (20) business days after entry of this Order, Perrigo shall provide or cause to be provided to the Notice Administrator a list of persons or entities (including names, addresses, and if available, email addresses) who purchased or acquired Perrigo common stock during the period of April 21, 2015 through May 2, 2017 (the "Class Period") and a list of persons or entities who held Perrigo shares in their own name or in street name as of the market close on November 12, 2015, to the extent such persons or entities can be identified from its own records, and the records of its transfer agent(s) and proxy solicitor(s);

(b) No later than ten (10) business days after entry of this Order, Co-Lead Counsel shall provide to Defendants' counsel certified translations of the Summary Notice and Notice into

Hebrew;

(c) Not later than twenty (20) business days after the entry of this Order, the Notice Administrator shall solicit information from brokers and other nominees regarding the mailing addresses of beneficial holders;

(d) Not later than forty (40) business days after the entry of this Order (the "Notice Date"), the Notice Administrator shall cause a copy of the Summary Notice, substantially in the form attached as Exhibit 1 and formatted to fit on to a postcard, to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided or caused to be provided by Perrigo pursuant to paragraph 3(a) above, or who are identified by brokers or nominees or otherwise may be identified through further reasonable effort;

(c) Contemporaneously with the mailing of the Summary Notice, the Notice Administrator shall cause English and Hebrew copies of the Notice, substantially in the form attached as Exhibit 2, and Summary Notice, substantially in the form attached as Exhibit 1, to be posted on a website to be developed for the litigation (www.perrigosecuritieslitigation.com), from which copies can be downloaded; and

(d) Not later than ten (10) business days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit 1, to be published once on a national business newswire in the United States, and the Hebrew version thereof to be published once in the Globes business newspaper in Israel.

4. Brokers and other nominees who purchased or otherwise acquired Perrigo common stock during the Class Period and/or held Perrigo common stock as of the market close on November 12, 2015 for the beneficial interest of another person or entity shall (a) within seven (7) calendar days of receipt of the Summary Notice and/or Notice, request from the Notice

Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Summary Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Summary Notice and/or Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to promptly send the Summary Notice to such identified beneficial owners. Nominees who elect to send the Summary Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought, not to exceed $.10 per name and mailing address provided to the Notice Administrator, or if mailed by the broker or other nominee, not to exceed $0.15 plus postage at the current pre-sort rate used by the Notice Administrator per mailed postcard Summary Notice. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

5. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class(es) in a timely and proper manner, as hereinafter provided. Any member of one or more Classes wishing to make such a request for exclusion shall mail the request in written form by first class mail, postmarked no later than ninety (90) calendar days after the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *Roofers' Pension Fund, et al. v. Papa, et al.* (Perrigo

Securities Litigation), No. 16-CV-2805-MCA-LDW (D.N.J.) and must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Perrigo common stock purchased, otherwise acquired and/or sold during the Class Period as well as the dates and prices of each such purchase, acquisition and/or sale during the Class Period; (iii) state the number of shares of Perrigo common stock held by such person as of the market close on November 12, 2015 through at least 8:00 a.m. Eastern time on November 13, 2015; and (iv) be signed by the person or entity requesting exclusion or an authorized representative accompanied by proof of authorization. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

6. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than ninety (90) calendar days after the Notice Date. Class members who retain separate counsel do so at their own expense.

7. Co-Lead Counsel shall file with the Court proof of mailing and proof of publication of the Summary Notice within twenty (20) business days following the date the Summary Notice is published. Co-Lead Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class within thirty (30) calendar days following the expiration of the exclusion deadline.

8. This Order may be modified by the Court upon motion by any party, for good cause shown.

9. This Order and related Notices are not intended to affect any party's right to assert any properly preserved claim, defense or other issue, even if such a claim, defense or issue is not

specifically identified in the Notices.

STIPULATED TO BY:

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP** | **GREENBAUM ROWE SMITH & DAVIS LLP** |
| /s/ Michael B. Himmel_____ | /s/ *Alan S. Naar*_____ |
| Michael B. Himmel | Alan S. Naar |
| Michael T.G. Long | 99 Wood Avenue South |
| One Lowenstein Drive | Iselin, New Jersey 08830 |
| Roseland, New Jersey 07068 | Telephone: (732) 549-5600 |
| Telephone: (973) 597-2500 | Facsimile: (732) 549-1881 |
| Facsimile: (973) 597-2400 | anaar@greenbaumlaw.com |
| mhimmel@lowenstein.com | |
| mlong@lowenstein.com | **FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP** |
| **POMERANTZ LLP** | James D. Wareham (*pro hac vice*) |
| Jeremy A. Lieberman (*pro hac vice*) | James E. Anklam (*pro hac vice*) |
| 600 Third Avenue | 801 17th Street, NW |
| New York, NY 10016 | Washington DC 20006 |
| Telephone: (212) 661-1100 | Telephone: (202) 639-7000 |
| Facsimile: (917) 463-1044 | Facsimile: (202) 639-7003 |
| jalieberman@pomlaw.com | James.wareham@friedfrank.com |
| | James.anklam@friedfrank.com |
| Joshua B. Silverman (*pro hac vice*) | |
| Omar Jafri (*pro hac vice*) | Samuel P. Groner (*pro hac vice*) |
| 10 South LaSalle Street | One New York Plaza |
| Suite 3505 | New York, New York 10004 |
| Chicago, Illinois 60603 | Telephone: (212) 859-8000 |
| Telephone: (312) 377-1181 | Facsimile: (212) 859-4000 |
| Facsimile: (312) 377-1184 | samuelgroner@friedfrank.com |
| jbsilverman@pomlaw.com | |
| ojafri@pomlaw.com | *Counsel for Defendant Perrigo Company plc* |
| **BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP** | **SULLIVAN & CROMWELL LLP** |
| Gerald H. Silk (*pro hac vice*) | |
| James A. Harrod (*pro hac vice*) | /s/ *Brian T. Frawley*_____ |
| Jesse L. Jensen (*pro hac vice*) | John L. Hardiman (*pro hac vice*) |
| 1251 Avenue of the Americas | Brian T. Frawley |
| New York, New York 10020 | Michael P. Devlin (*pro hac vice*) |
| Telephone: (212) 554-1400 | 125 Broad Street |
| Facsimile: (212) 554-1444 | New York, New York 10004 |
| jerry@blbglaw.com | (202) 558-4000 |
| jim.harrod@blbglaw.com | hardimanj@sullcrom.com |
| jesse.jensen@blbglaw.com | frawleyb@sullcrom.com |
| *Counsel for Lead Plaintiff* | *Attorneys for Defendant Judy Brown* |

                        **GIBSON, DUNN & CRUTCHER LLP**

                      /s/*Marshall King*_____

                        Reed Brodsky (*pro hac vice*)
                        Aric H. Wu (*pro hac vice*)
                        Marshall King
                        David Crowley-Buck (*pro hac vice*)
                        200 Park Avenue
                        New York, New York 10016-0193
                        Telephone: (212) 351-4000
                        Facsimile: (212) 351-4035
                        RBrodsky@gibsondunn.com

                      *Counsel for Defendant Joseph Papa*


SO ORDERED THIS 10th DAY OF JULY, 2020

                        _____
                        Hon. Madeline Cox Arleo

                        United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROOFER'S PENSION FUND,<br>    v.<br>JOSEPH PAPA, et al. | )<br>)<br>)  No. 16-CV-2805-MCA-LDW<br>)<br>)<br>) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**TO:**  (1) All persons who purchased Perrigo Co., plc's ("Perrigo") publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the New York Stock Exchange or any other trading center within the United States and were damaged thereby;

(2) All persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the Tel Aviv Stock Exchange and were damaged thereby; and

(3) All persons who owned Perrigo common stock as of November 12, 2015 and held such stock through at least 8:00 a.m. on November 13, 2015 (whether or not a person tendered their shares in response to tender offer of Mylan, N.V.).

Excluded from these Classes are the Defendants, any current or former officers or directors of Perrigo, the immediate family members of any Defendant or any current or former officer or director of Perrigo, and any entity that any Defendant owns or controls, or owned or controlled during the Class Period.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). This Action has not been settled and continues to be litigated. No claim form need be filed at this time.

If you are a member of one or more Classes, your rights are affected by this Action, and you may have the right to participate in any recovery. You also have the right to exclude yourself from the Class(es) by **[90 days after Notice Date]** in accordance with the directions set forth in the Notice, which is available at **[website URL]** or by writing the Notice Administrator at: **[insert address]**. Inquiries other than requests for notice may be made to Class Counsel:

| Joshua B. Silverman, Esq.<br>POMERANTZ LLP<br>10 South LaSalle St.<br>Suite 3505<br>Chicago, IL  60603<br>(312) 377-1181 | James A. Harrod, Esq.<br>BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN LLP<br>1251 Avenue of the Americas<br>New York, NY  10020<br>(212) 554-1400 |
|---|---|

1

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION OR ADVICE.**

Dated: _____, 2020         BY ORDER OF THE COURT
                                           United States District Court
                                           District of New Jersey

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROOFER'S PENSION FUND,<br>　　v.<br>JOSEPH PAPA, et al. | )<br>)<br>)　No. 16-CV-2805-MCA-LDW<br>)<br>)<br>) |

### NOTICE OF PENDENCY OF CLASS ACTION

**TO:**   (1) All persons who purchased Perrigo Co., plc's ("Perrigo") publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the New York Stock Exchange or any other trading center within the United States and were damaged thereby;

(2) All persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the Tel Aviv Stock Exchange and were damaged thereby; and

(3) All persons who owned Perrigo common stock as of November 12, 2015 and held such stock through at least 8:00 a.m. on November 13, 2015 (whether or not a person tendered their shares in response to tender offer of Mylan, N.V.).

Excluded from these Classes are the Defendants, any current or former officers or directors of Perrigo, the immediate family members of any Defendant or any current or former officer or director of Perrigo, and any entity that any Defendant owns or controls, or owned or controlled during the Class Period.

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), entered November 14, 2019, certifying the above-captioned Action as a class action. The purpose of this Notice is to inform you of: (a) the pendency of the above-captioned class action in the United States District Court for the District of New Jersey (the "Action"); (b) the certification of the three Classes defined above, of which you may be a member ("Class Member"); and (c) your right to be excluded from the Classes. This Action has not been settled and continues to be litigated. Accordingly, no claim form need be filed at this time.

**YOU ARE HEREBY NOTIFIED** of the pendency of this Action as a class action. This Notice is directed to you because you may be a member of one or more Classes whose rights might be affected by this Action. If you are uncertain whether you are a member of the Class(es), contact Class Counsel listed below or consult your own attorney.

A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly situated persons and entities to obtain monetary or other relief for the benefit of the entire group, known as a class. Class actions are used to decide legal and factual issues that are common to all members of a class.

## OVERVIEW AND STATUS OF THIS ACTION

This Action is a securities class action lawsuit alleging violations of Sections 10(b), 14(e) and 20(a) of the Securities Exchange Act of 1934 and certain claims under Israeli law. This lawsuit asserts that Defendants made material misrepresentations and omissions regarding: (a) the performance and integration of Omega, which Perrigo acquired in early 2015; and (b) Perrigo's pricing strategy, noncompetitive practices, and the competitive environment for Perrigo's generic prescription drug unit. Defendants are Perrigo, Joseph Papa, Perrigo's former Chief Executive Officer, and Judy Brown, Perrigo's former Chief Financial Officer.

This Action was commenced on May 18, 2016. On February 10, 2017, the Court issued an Order appointing Perrigo Institutional Investor Group (consisting of Migdal Insurance Company Ltd., Migdal Makefet Pension and Provident Funds Ltd., Clal Insurance Company Ltd., Clal Pension and Provident Ltd., Atudot Pension Fund for Employees and Independent Workers Ltd., and Meitav DS Provident Funds and Pension Ltd.) as Lead Plaintiff and appointing Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP as co-Lead Counsel.

On June 21, 2017, Lead Plaintiff filed its Amended Complaint for Violation of Federal Securities Laws (the "Amended Complaint"). On August 21, 2017, Defendants moved to dismiss the Amended Complaint. On July 27, 2018, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss.

On November 30, 2018, Lead Plaintiff filed a motion for class certification. On November 14, 2019, the Court certified the Classes defined above, appointed Lead Plaintiff to serve as Class Representative, and appointed Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.

Defendants deny all claims and wrongdoing asserted in the Action and any liability arising out of the conduct alleged in the Amended Complaint.

Discovery in this Action is ongoing. The Court has not yet set a deadline for filing summary judgment motions or scheduled a trial date.

## INSTRUCTIONS TO CLASS MEMBERS

**YOUR RIGHTS AS A CLASS MEMBER:** If you purchased or otherwise acquired Perrigo's common stock between April 21, 2015 and May 2, 2017 ("the Class Period") or held Perrigo shares as of November 12, 2015 and through at least 8:00 a.m. on November 13, 2015, you are a member of one or more Classes. *If you choose to remain a Class Member, you do not need to do anything at this time.* You will automatically be included in the Class(es) unless you request exclusion in

accordance with the procedure set forth below. Your decision is important for the following reasons:

**If you choose to remain in the Class(es)**, you will be bound by all orders and judgments in this Action, whether favorable or unfavorable. If the Classes prevail on the common issues, or if a settlement is reached, you may be able to recover an award. If Defendants prevail, you may not pursue a lawsuit on your own behalf with regard to any of the issues decided in this Action. Your interests are being represented by the Class Representative and Class Counsel. You will not be personally responsible for attorneys' fees or costs unless you hire your own individual attorney. Class Counsel has agreed to represent the Classes on a contingent fee basis, which means that it will be awarded fees and costs only if it succeeds in obtaining a recovery from one or more of the Defendants. Any attorneys' fees and costs will be awarded by this Court from the settlement or judgment, if any, obtained on behalf of the Classes. You may remain a member of the Class(es) and elect to be represented by counsel of your own choosing. If you retain your own separate counsel, you will be responsible for that counsel's fees and expenses, and such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the address set forth below on or before [90 days after the Postcard is mailed].

If you seek to share in any Class recovery, you will be required to prove your membership in the Class(es) with evidence of your purchases, acquisitions, sales and holdings of Perrigo common stock during the Class Period. In addition, Defendants may seek to prove that you did not rely on the integrity of the market or that you had knowledge of Defendants' alleged misrepresentations or omissions.

**If you choose to be excluded from the Class(es)**, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action. If you choose to be excluded, or in other words, "opt-out" of the Action, you may individually pursue any legal rights that you may have against any of the Defendants. Please note that if you exclude yourself from the Class(es) and decide to pursue your own action individually, you may not be able to pursue certain claims due to the lapsing of the statute of limitations and/or statute of repose.

**HOW TO BE EXCLUDED FROM THE CLASSES:** If you fall within one or more of the Class definitions and are not otherwise excluded, you will automatically be considered a member of such Class unless you request exclusion. Any member of a Class may request not to be bound by these proceedings. To exclude yourself from the Class(es), you must send a signed letter by mail stating that you "request exclusion" from the Class(es) in "*Roofer's Pension Fund v. Papa, et al.*, No. 16-CV-2805-MCA-LDW." Be sure to include: (i) your name, address, and telephone number, (ii) the transactional details of the Perrigo common stock you purchased, acquired, sold and/or held during the Class Period, including purchase/sale dates, amount of shares purchased or sold, the price of such purchases or sales, and the number of shares held as of market close on November 12, 2015 at least through 8:00 a.m. eastern time on November 13, 2015; and (iii) the signature of the person or entity requesting exclusion or an authorized representative. Your request for exclusion will not be effective unless it contains all of this information. You must then mail your exclusion request, ***postmarked no later than [90 days after the Postcard is mailed], 2020***, to:

Perrigo Securities Litigation

[Notice admin]

You cannot exclude yourself from the Class(es) by telephone or e-mail. If your request for exclusion is timely mailed and follows the above requirements, you will not be bound by any judgment in this Action. However, if you validly request exclusion, then you will not be eligible to share in any recovery in this Action. Do not request exclusion if you wish to participate in this Action as a Class Member.

**CLASS COUNSEL:** Class Counsel are Pomerantz LLP (attn: Joshua Silverman), 10 S. LaSalle Street, Chicago, IL 60603, (312) 377-1181 and Bernstein Litowitz Berger & Grossmann LLP (attn: James Harrod), 1251 Avenue of the Americas, New York, NY 10020, (212) 554-1400.

**PLEASE KEEP YOUR ADDRESS CURRENT:** To assist the Court and the parties in maintaining an accurate list of Class Members, please update your name and contact information. To update this information online, visit **[insert website URL]** or mail this information to: **[**Perrigo Securities Litigation, **insert notice admin address].** If this Notice was forwarded to you by the postal service, or it was otherwise sent to you at an address that is no longer current, you should immediately contact the Notice Administrator and provide them with your current address. If the Notice Administrator does not have your current address, you may not receive notice of important developments in this Action or information about any settlements obtained for the benefit of the Classes.

**WHERE YOU CAN FIND ADDITIONAL INFORMATION:** This Notice provides only a summary of the lawsuit and the claims asserted by plaintiffs. For more detailed information, you may contact Class Counsel or call the Notice Administrator at **[insert phone # and website URL]**. **PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION OR ADVICE.**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES:** If you purchased or otherwise acquired Perrigo common stock during the Class Period or held Perrigo common stock as of the market close on November 12, 2015 and through at least 8:00 a.m. eastern time on November 13, 2015 for the beneficial interest of any person or entity other than yourself, you must, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, either (a) request from the Notice Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Summary Notices forward them to all such beneficial owners; or (b) provide a list of the names and the last known addresses of each person or entity for whom or which you purchased such securities during the relevant period to the Notice Administrator.

If you select option (a) above, you must send a statement to the Notice Administrator confirming that the mailing was made, and you must retain your mailing records for use in connection with any further notices that may be provided in this Action. If you select option (b), the Notice Administrator will send a copy of the Summary Notice to the beneficial owners. All written communications concerning the foregoing should be addressed to the Notice Administrator at: **[insert address]**

4

You are entitled to reimbursement for your reasonable expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of obtaining the names and addresses of beneficial owners, not to exceed $0.15 plus actual postage at the current pre-sort rate used by the Notice Administrator per notice you mailed, $.05 per notice you e-mailed, or $0.10 per name and address you provided to the Notice Administrator, and subject to further order of the Court with respect to any dispute concerning such reimbursement. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All requests for reimbursement should be sent to the Notice Administrator.

Dated: _____, 2020        BY ORDER OF THE COURT
United States District Court
District of New Jersey