# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEW JERSEY

| | | |
|---|---|---|
| ROOFER'S PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:16-CV-02805 RMB LDW |
| v. | ) ) ) | |
| JOSEPH C. PAPA, *et al*., | ) ) ) | Hon. Renée Marie Bumb Hon. Leda Dunn Wettre |
| Defendants | ) ) ) | CLASS ACTION |
| . | ) ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 4, 2024 (the "Stipulation"), is entered into between (a) Lead Plaintiff Perrigo Institutional Investor Group ("Lead Plaintiff," and together with Class Members, "Plaintiffs") on behalf of itself, its members, and Class Members of the three certified Classes; and (b) Defendants Perrigo Company plc ("Perrigo") and Joseph C. Papa ("Papa") (collectively, "Defendants"). The Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants as set forth below.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein. The singular forms of nouns and pronouns include the plural and vice versa.

WHEREAS:

A.      On May 18, 2016, this Action was commenced in the United States District Court for the District of New Jersey, styled *Roofer's Pension Fund v. Papa, et al.*, No. 1:16-cv-02805, ECF No. 1.

B.      By Order dated February 10, 2017, the Court entered an order appointing Perrigo Institutional Investor Group as Lead Plaintiff and approved its selection of counsel.  ECF No. 64.

C.      On June 21, 2017, Lead Plaintiff filed the operative Amended Complaint. ECF No. 89.  The Amended Complaint named as defendants the Defendants defined herein, as well as former defendants Judy Brown, Laurie Brlas, Gary M. Cohen, Marc Coucke, Jacqualyn A. Fouse, Ellen R. Hoffing, Michael R. Jandernoa, Gerald K. Kunkle, Jr., Herman Morris, Jr., and Donal O'Connor ("Former Defendants").

D.      On August 21, 2017 and August 25, 2017, Defendants and Former Defendants moved to dismiss the Amended Complaint.  ECF Nos. 114 and 119.

E.      After full briefing, on July 27, 2018, the Court entered an order granting Defendant Coucke's motion to dismiss, and granting in part and denying in part the motion to dismiss filed by the Defendants and the Former Defendants other than Coucke, ECF No. 137.  As a result of that order, all of the Former Defendants other than Judy Brown were dismissed from this Action.

F.      Thereafter, Defendants and Former Defendant Judy Brown answered the Amended Complaint, ECF Nos. 143, 145, 147, and Lead Plaintiff, Defendants, and Former Defendant Judy Brown commenced discovery.

G.      On November 30, 2018, Lead Plaintiff moved for class certification, ECF No. 163. On November 14, 2019, after full briefing, the Court certified the Classes, appointing Lead Plaintiff to be the Class Representative and its counsel to be Class Counsel, ECF No. 227.  After

a petition for interlocutory appeal was denied, on July 10, 2020, Lead Plaintiff, Defendants and Former Defendant Judy Brown stipulated, and the Court ordered, that notice should issue regarding the pendency of class action, ECF No. 292. Said notice was disseminated by mail and publication, and posted to a website established by the notice administrator, ECF No. 311.

       H.      On April 9, 2021, Defendants Perrigo and Papa and Former Defendant Judy Brown each moved for summary judgment and to exclude Plaintiffs' experts, ECF Nos. 342, 344, 346.

       I.      After full briefing and oral argument, on August 17, 2023, the Court entered an Order and issued an Opinion granting Former Defendant Judy Brown's motion for summary judgment, granting in part and denying in part Defendants Perrigo and Papa's motions for summary judgment, directing further briefing and argument on the issue of corporate scienter, and reserving ruling on the motions to exclude, ECF Nos. 400 and 401.

       J.      Throughout the pendency of this Action, the Parties have engaged in several attempts to mediate this dispute, both before private mediators Hon. Daniel Weinstein (Ret.), Former Ambassador David Carden, and Jed Melnick, and before Magistrate Judge Leda D. Wettre. These efforts included four (4) in-person mediation sessions between 2018 and 2024, and numerous Zoom sessions and phone calls. On February 29, 2024, the Magistrate Judge issued a mediator's proposal to settle this Action at the Settlement Amount. On March 6, 2024, Lead Plaintiff and Defendants accepted the mediator's proposal.

       K.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of, any of the Defendants with respect to any claim or

allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Over the course of the Action, the Former Defendants also made statements expressly denying any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.      "Action" means the securities class action styled *Roofer's Pension Fund v. Papa, et al.*, No. 1:16-cv-02805 (RMB) (LDW) (D.N.J.).

b.      "Authorized Claimant" means a Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

c.      "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to Class

Members and to administer the Settlement.

      d.    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

      e.    "Claim Form" or "Proof of Claim Form" means the form attached hereto as Exhibit A-2, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, that a Claimant or Class Member must complete and submit should that Claimant or Class Member seek to share in a distribution of the Net Settlement Fund.

      f.    "Class" or "Classes" means all of the following:

      (1) all persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the New York Stock Exchange or any other trading center within the United States and were damaged thereby;

      (2) all persons who purchased Perrigo's publicly traded common stock between April 21, 2015 and May 2, 2017, both dates inclusive, on the Tel Aviv Stock Exchange and were damaged thereby; and

      (3) all persons who owned Perrigo common stock as of November 12, 2015 and held such stock through at least 8:00 a.m. on November 13, 2015 (whether or not a person tendered their shares in response to tender offer of Mylan, N.V.).

Excluded from these Classes are the Defendants; Former Defendants; any current member of the Board of Directors of Perrigo; any current or former Officers of Perrigo who served during the Class Period or any former members of the Board of Directors of Perrigo who served during the Class Period; the Immediate Family Members of any Defendant, Former Defendant, or any current

member of the Board of Directors of Perrigo, or former member of the Board of Directors of Period

who served during the Class Period, or any current or former Officer of Perrigo who served during

the Class Period; any entity that any Defendant or Former Defendant owns or controls, or owned

or controlled during the Class Period; and the legal representatives, heirs, agents, affiliates,

successors, or assigns of any such excluded persons and entities.  Also excluded from the Classes

are the persons and entities who requested exclusion from the Classes in connection with the

mailing of the Class Notice, or were previously excluded by motion and order.  The Parties will

request that there will be no additional opportunity to request exclusion from the Classes.

g.      "Class Distribution Order" means an order entered by the Court authorizing

and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized

Claimants.

h.       "Class Member" means each person and entity who or which is a member

of the Class.

i.      "Class Notice" means the notice of pendency previously directed by the

Court's July 10, 2020 Order (ECF No. 292) that was disseminated in accordance with that Order.

j.      "Class Period" means the period between April 21, 2015 and May 2, 2017,

both dates inclusive, applicable to Section 10(b) and TASE purchaser claims.

k.      "Complaint" or "Amended Complaint" means the Amended Complaint for

Violation of the Federal Securities Laws filed on June 21, 2017, ECF No. 89.

l.      "Court" means the United States District Court for the District of New

Jersey.

m.      "Defendants" means Perrigo Company plc and Joseph C. Papa.

n.      "Defendants' Counsel" means Fried, Frank, Harris, Shriver & Jacobson

LLP; Gibson, Dunn & Crutcher LLP; and Greenbaum Rowe Smith & Davis LLP.

       o.     "Defendants' Releasees" means Defendants, Former Defendants, and Defendants' or Former Defendants' current and former parents, affiliates, subsidiaries, officers, directors (including, but not limited to, members of the Board of Directors of Perrigo),  agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

       p.     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

       q.     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of counsel for Lead Plaintiff.

       r.     "Former Defendants" means Judy Brown, Laurie Brlas, Gary M. Cohen, Marc Coucke, Jacqualyn A. Fouse, Ellen R. Hoffing, Michael R. Jandernoa, Gerald K. Kunkle, Jr., Herman Morris, Jr., and Donal O'Connor.

       s.     "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following

review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

t.      "Immediate Family Member" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), any children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

u.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

v.      "Lead Counsel" or "Class Counsel" means Pomerantz LLP and Bernstein Litowitz Berger & Grossmann LLP.

w.      "Lead Plaintiff" or "Class Representative" means Perrigo Institutional Investor Group.

x.      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the reimbursement of time, costs, and expenses of Lead Plaintiff and its members directly related to their representation of the Class), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

y.      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

z.      "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class (including the Class Notice and notice of the Settlement); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

aa.      "Officer" means any person who, during the Class Period, served as Perrigo's CEO, president, principal financial officer, principal accounting officer, any executive vice-president of Perrigo in charge of a principal business unit, division or function, or any other officer who served on the Executive Committee of Perrigo.

bb.      "Original Complaint" means the Complaint for Violations of the Federal Securities Laws filed on May 18, 2016, ECF No. 1.

cc.      "Parties" means Lead Plaintiff, on behalf of itself and the Class, and Defendants.

dd.      "Perrigo" or "the Company" means Perrigo Company plc.

ee.      "Perrigo Institutional Investor Group" means Migdal Insurance Company Ltd., Migdal Makefet Pension and Provident Funds Ltd., Clal Insurance Company Ltd., Clal Pension and Provident Ltd., Atudot Pension Fund for Employees and Independent Workers Ltd., and Meitav DS Provident Funds and Pension Ltd., collectively.

ff.      "Plaintiffs" means Lead Plaintiff and all Class Members.

gg.      "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who,

at the direction and under the supervision of Lead Counsel, approved by the Court, performed services on behalf of the Class in the Action.

hh.    "Plaintiffs' Releasees" means Lead Plaintiff and its constituent members, their officers and directors, their respective attorneys, and all other Class Members.

ii.    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

jj.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

kk.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

"Postcard Notice" means the abridged form of notice attached substantially in the form attached hereto as Exhibit A-4 advising recipients of the Settlement Hearing, directing recipients to the Settlement website and instructing how to receive the Settlement Notice and other important documents, which may be disseminated to Class Members in lieu of mailing the Settlement Notice if Lead Counsel determines that to be more efficient and in the interests of Class Members.

ll.    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

mm.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims, defined below), whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Released

Defendants' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who submitted a valid request for exclusion in connection with the Class Notice that was accepted by the Court or was otherwise excluded by motion and order; and (iii) if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any claims against any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice that is accepted by the Court (the "Excluded Defendants' Claims").

       nn.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims, defined below), whether arising under federal, state, common, foreign, or other applicable law, rule, or regulation, regardless of whether the claims have been dismissed by the Court in any rulings, that Lead Plaintiff or any other member of the Classes: (i) asserted in the Original Complaint filed in the Action on May 18, 2016; (ii) asserted in the Amended Complaint filed in the Action on June 21, 2017;[2] or (iii) could have asserted in any forum worldwide, including in Israel, that both (a) arise out of or in any way relate to (directly or indirectly) the facts, events, transactions, allegations, matters, statements, or omissions alleged, set forth, or referred to in the Original Complaint or the Amended Complaint and (b) relate to the purchase or other acquisition of Perrigo publicly traded common stock (including any decision to purchase Perrigo publicly traded common stock) during

---

[2] Including, but not limited to, any assertion that up until and including the end of the Class Period: (i) any or all of Defendants or Former Defendants misrepresented that Mylan's 2015 tender offers undervalued Perrigo; (ii) any or all of Defendants or Former Defendants falsely claimed that Perrigo would achieve 5% to 10% organic growth as a stand-alone company; (iii) any or all of Defendants or Former Defendants concealed that Perrigo was experiencing issues integrating the Omega acquisition; (iv) any or all of Defendants or Former Defendants concealed that Perrigo wrongly accounted for the Tysabri drug royalty stream; or (v) any or all of Defendants or Former Defendants did not disclose that Perrigo was involved in illegal collusive pricing activities in Perrigo's generic prescription drug business.

the Class Period or ownership of Perrigo common stock as of November 12, 2015.  Released

Plaintiffs' Claims do not cover, include, or release: (i) any claims asserted by any person or entity

who requested exclusion from the Classes in connection with the Class Notice; (ii) if and only if

the Court permits a second opportunity for Class Members to request exclusion from the Class,

any claims of any person or entity that submits a request for exclusion from the Class in connection

with the Settlement Notice that is accepted by the Court; or (iii) any claims relating to the

enforcement of the Settlement (the "Excluded Plaintiffs' Claims").

       oo.     "Releasees" means Defendants' Releasees and Plaintiffs' Releasees.

       pp.     "Settlement" means the settlement between Lead Plaintiff and Defendants

on the terms and conditions set forth in this Stipulation.

       qq.     "Settlement Amount" means $97,000,000.00.

       rr.     "Settlement Fund" means the Settlement Amount plus any and all interest

earned thereon.

       ss.     "Settlement Hearing" means the hearing set by the Court under Rule

23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

       tt.     "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan

of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation

Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be disseminated to

Class Members.

       uu.     "Summary Settlement Notice" means the Summary Notice of (I) Proposed

Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees

and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published

as set forth in the Preliminary Approval Order.

vv.     "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

ww.     "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff, the Class, or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Class, the other Class Members, and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to

the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly settle and release, and the Class and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment, shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and each of the Class and the other Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly upon execution of this Stipulation, and in any event no later than April 4, 2024, unless extended by agreement of the Parties, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.      In connection with the motion for preliminary approval of the Settlement, the Parties will jointly request that the Court not permit a second opportunity for Class Members to request exclusion from the Class.  The Settlement, however, is not contingent on the Court's

decision regarding whether or not a second opportunity to request exclusion from the Class shall be permitted.

**RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff, the Class, and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiffs' Claims.

6.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Defendants'

Claims.

7.     Upon the Effective Date, Lead Plaintiff, the Class, and each of the other Class Members are forever barred and enjoined from prosecuting any Released Plaintiffs' Claims against any of the Defendants' Releasees.

8.     Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by the Class or a Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

9.     Notwithstanding ¶¶ 5-8 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

10.     The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for herein.

## THE SETTLEMENT CONSIDERATION

11.     In consideration of the Settlement and the release of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Perrigo shall cause the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days of preliminary approval of the Settlement, provided that Lead Counsel has submitted to Defendants' Counsel both: (a) a W-9 for the Escrow Account, and (b) complete wire or check mailing instructions, including the appropriate SWIFT Code, for payment to the Escrow Account.  The Settlement Amount represents the entirety of the Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses, Notice

and Administration Costs, Taxes, and costs of any kind whatsoever associated with the Settlement. The full payment of the entire Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that none of the Defendants shall have any other obligation to make any payment into the Escrow Account or to the Class or any Class Member, or any other Person, under this Stipulation or as part of the Settlement once the payment described in this paragraph has been made.

## USE OF SETTLEMENT FUND

12.     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below, or as otherwise ordered by the Court.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills or other instruments secured by the full faith and credit of the United States (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  Additionally, if short-term placement of the funds is necessary, all or any portion of the

funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the

Settlement Fund as provided herein.  The Defendants and the other Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable, which shall not exceed $500,000.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice and/or Settlement Notice and Claim Form (the "Settlement Notice Packet"), publishing the Summary Settlement Notice, the costs of translating notices and related documents, reimbursements to nominee owners for forwarding the Settlement Notice Packet to their beneficial owners, costs associated with Class Notice and maintaining the notice website, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid

to any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of time, costs, and expenses of Lead Plaintiff and its members directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.  The Court's consideration of Lead Counsel's application for attorneys' fees and Litigation Expenses shall be independent of its consideration of the fairness, reasonableness, and adequacy of the Settlement, and the effectiveness of the Settlement shall not depend on the amount of attorneys' fees and/or Litigation Expenses awarded.

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award or as otherwise provided by the Court at its discretion, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom.  An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

20.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses.  The

attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

## SETTLEMENT NOTICE AND ADMINISTRATION

21.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of the Claims Administrator.   The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants nor any other Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Class Members, or Lead Counsel, in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice and/or Settlement Notice and Proof of Claim Form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

23.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared

to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

24.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

25.     Any Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment) and the Releases provided for herein and therein, and will  be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or any of the other Defendants' Releasees with respect to the Released Plaintiffs' Claims.

26.     Any Class Member who or which has not timely and validly requested exclusion from the Class in connection with Class Notice or been excluded by motion and order (or, if, and only if, the Court permits a second opportunity for Class Members to request exclusion from the Class, has not timely and validly requested exclusion from the Class in connection with the

Settlement Notice): (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator, or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in

administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

28.     The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

29.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.   Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.  All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice, unless extended by the Court. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and by the Releases provided for herein

and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when either submitted online or when postmarked, if received with a postmark indicated on the envelope and if mailed by first- class mail and addressed in accordance with the instructions thereon. In all other cases, including online submission via the Settlement website, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c. Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d. Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph

(e) below; and

e.   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

30.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to reasonable investigation to the extent necessary to determine Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No investigation shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

31.     Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members who do not submit a Claim or whose Claims are

not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action; and by the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

33.     No Claimant or Class Member shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Defendants' Counsel, any Parties' experts, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendants' Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

34.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**<u>TERMS OF THE JUDGMENT</u>**

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

36.     The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B that shall bar all future claims and claims over by any individual or entity (including the Class) against any of the Defendants' Releasees, and by the Defendants' Releasees against any individual or entity, for (a) contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Class; *provided, however*, that the Bar Order shall not bar or release any Excluded Plaintiffs' Claims asserted by Class Members; and *further provided, however,* that the order shall not preclude the Defendants from seeking to enforce any contractual rights they may have under their applicable insurance policies or that the Defendants may have based on the charter and by-laws of Perrigo.

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

      a.  the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

      b.  the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

      c.  the time for Defendants and Lead Plaintiff to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 41 below) has expired or otherwise been waived; and

      d.  the Court has approved the Settlement as described herein, following notice to

the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

38.     Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

    a.   The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

    b.   Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of March 14, 2024.

    c.   The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 17, 19, 46, and 64, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc.*

    d.   Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and

Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Defendants pursuant to the Defendants' instructions, to be provided in the event of a termination. In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants pursuant to the Defendants' instructions, to be provided in the event of a termination, immediately upon those funds' deposit into the Escrow Account consistent with ¶ 19 above

40.     It is further stipulated and agreed that Lead Plaintiff and Defendants shall each have the right, but not the obligation, to terminate the Settlement and this Stipulation, by providing written notice of their election to do so (the "Termination Notice") to the other Parties to this Stipulation within seven (7) business days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

41.     In addition to the grounds set forth in ¶ 40 above, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, and such Class Members file with the Court valid and timely requests for exclusion from the Class in accordance

with the Preliminary Approval Order, and such Persons in the aggregate have purchased or otherwise acquired Perrigo common stock in an amount that equals or exceeds the sum specified in a separate confidential supplemental agreement between the Parties (the "Supplemental Agreement"), Perrigo shall have the unilateral right, but not the obligation, to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement, which is being executed concurrently herewith, is confidential and shall not be filed with the Court unless a dispute arises with respect to its terms or application or if the Court requires disclosure of the Supplemental Agreement or some or all of its contents.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court in camera for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the terms of the Supplemental Agreement.  In the event that the Court requires the Supplemental Agreement or some or all of its contents to be publicly disclosed including in the Settlement Notice and/or filed with the Court, all terms of the Supplemental Agreement other than those relating to confidentiality shall remain in full force and effect, and any such requirement by the Court for disclosure of the Supplemental Agreement or some or all of its contents shall not constitute a basis for any Party to void the Settlement. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, except that the provisions of ¶ 40 above shall survive termination.

## NO ADMISSION OF WRONGDOING

42.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be

approved by the Court), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

    a.   shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Lead Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    b.   shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as

against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.   shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

43.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

44.    As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall timely serve a CAFA notice within ten (10) calendar days of the filing of this Stipulation with the Court. Perrigo shall be responsible for all costs and expenses related thereto.  At least seven (7) calendar days before the Settlement Hearing, Perrigo shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

45.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 39.

46.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, except in the event of the termination of this Settlement, Lead Plaintiff, and their counsel, and Defendants, and their counsel, agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith and without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

47.     Defendants retain their right to deny that the claims asserted in the Action were

meritorious.  Nonetheless, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  Plaintiffs retain their right to assert their claims in the action were meritorious.  Nonetheless, Lead Plaintiff and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff, and its counsel, and Defendants, and their counsel, shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

48.   Defendants and Defendant Releasees may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

49.   The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

50.   All time periods set forth herein shall be computed in business days if such period is 14 days or less and calendar days if such period is 15 days or more, unless otherwise expressly provided; except that the time period in ¶ 44 shall be computed in calendar days.  In computing

any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used in the preceding sentence, "legal holiday" includes any day appointed as a federal holiday in the United States.

51.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

54.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

55.     This Stipulation may be executed in one or more counterparts and exchanged

among the Parties by facsimile or email of the .pdf or .tif image of the signature.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

56.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize, and to the benefit of Perrigo's D&O insurers.

57.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New Jersey without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

58.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

59.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

61.     Lead Counsel and Defendants' Counsel agree to cooperate with one another in

seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

62.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel: Pomerantz LLP.
 Attn: Jeremy A. Lieberman
 600 Third Avenue
 New York, NY  10016
 (212) 661-1100
 jalieberman@pomlaw.com

 -and-

 Bernstein Litowitz Berger &
  Grossmann LLP
 Attn:  James A. Harrod
 1251 Avenue of the Americas
 New York, NY 10020
 (212) 554-1400
 jim.harrod@blbglaw.com

If to Defendants or to Defendants' Fried, Frank, Harris, Shriver & Jacobsen LLP
Counsel: Attn: James D. Wareham
 801 17th Street, NW
 Washington, DC 20006
 (202) 639-7000
 james.wareham@friedfrank.com

 Gibson, Dunn & Crutcher, LLP
 Attn: Reed Brodsky
 200 Park Ave
 New York, New York 10166
 (212) 351-4000 rbrodsky@gibsondunn.com

63.     Except as otherwise provided herein, each Party shall bear its own costs.

64.     Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential consistent with Fed. R. Evid. 408 and similar principles.

65.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

66.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

67.     The parties consent pursuant to 28 U.S.C. § 636(c) to referral of the preliminary and final approval of the Settlement, and any issues regarding Settlement implementation, to Magistrate Judge Leda D. Wettre.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 4, 2024.

*For Lead Plaintiff and the Classes:*

By: _____

POMERANTZ LLP
Jeremy A. Lieberman
600 Third Avenue
New York, NY  10016

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com

Joshua B. Silverman
Omar Jafri
10 South LaSalle Street
Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
jbsilverman@pomlaw.com
ojafri@pomlaw.com

By: _____

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
Jerry Silk
James A. Harrod
Jesse L. Jensen
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
jim.harrod@blbglaw.com
jesse.jensen@blbglaw.com

*Lead Counsel for Lead Plaintiff and the
Classes*

LOWENSTEIN SANDLER LLP
Michael B. Himmel
One Lowenstein Drive
Roseland, NJ  07068
(973) 597-2500
mhimmel@lowenstein.com

*Liaison Counsel for Lead Plaintiff and the
Classes*

*For Perrigo Company plc:*

*For Perrigo Company plc:*

By: _____

FRIED, FRANK, HARRIS, SHRIVER &
   JACOBSON LLP
James D. Wareham
James E. Anklam
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
James.Wareham@friedfrank.com
James.Anklam@friedfrank.com

*Counsel for Defendant Perrigo Company, plc*

GREENBAUM ROWE SMITH & DAVIS
LLP
Alan Naar
99 Wood Avenue South
Iselin, NJ  08830
(732) 476.-530
anaar@greenbaumlaw.com

*Liaison Counsel for Defendants*

*For Joseph C. Papa:*

By: _____

GIBSON, DUNN & CRUTCHER LLP
Reed Brodsky
David F. Crowley-Buck
200 Park Ave
New York, New York 10166
Telephone: (212) 351-4000
rbrodsky@gibsondunn.com
dcrowleybuck@gibsondunn.com

*Counsel for Defendant Joseph C. Papa*

41

*For Perrigo Company plc:*


By: _____

FRIED, FRANK, HARRIS, SHRIVER &
    JACOBSON LLP
James D. Wareham
James E. Anklam
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
James.Wareham@friedfrank.com
James.Anklam@friedfrank.com

*Counsel for Defendant Perrigo Company, plc*

GREENBAUM ROWE SMITH & DAVIS
LLP
Alan Naar
99 Wood Avenue South
Iselin, NJ  08830
(732) 476.-530
anaar@greenbaumlaw.com

*Liaison Counsel for Defendants*


*For Joseph C. Papa:*

By: _____

GIBSON, DUNN & CRUTCHER LLP
Reed Brodsky
David F. Crowley-Buck
200 Park Ave
New York, New York 10166
Telephone: (212) 351-4000
rbrodsky@gibsondunn.com
dcrowleybuck@gibsondunn.com


*Counsel for Defendant Joseph C. Papa*

41