**Exhibit A**

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| ROOFER'S PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH C. PAPA, *et al.*, <br><br> Defendants. | Case No. 1:16-CV-02805 RMB LDW <br><br> Hon. Renée Marie Bumb <br> Hon. Leda Dunn Wettre <br><br> CLASS ACTION |

## [PROPOSED] PRELIMINARILY APPROVAL ORDER

WHEREAS, Lead Plaintiff Perrigo Institutional Investor Group ("Lead Plaintiff", and together with Class Members, "Plaintiffs") on behalf of itself, its members, and Class Members of the three certified Classes; and (b) Defendants Perrigo Company plc ("Perrigo") and Joseph C. Papa ("Papa") (collectively, "Defendants" and together with Lead Plaintiff, the "Parties" and each a "Party"), entered into the Stipulation and Agreement of Settlement dated April 4, 2024 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned class action pending before the Court (the "Action"); and the Court having considered the Stipulation and the exhibits

thereto, and Lead Plaintiff's motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2024, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to Class Members, so that providing notice of the Settlement to Class Members and holding a Settlement Hearing is warranted.

3. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court **[choose one: in-person/telephonically/via Zoom]** on _____ 2024 at __:___ _.m. for the following purposes:

   a. to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

   b. to determine finally whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the releases set forth in the Stipulation should be ordered;

   c. to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

2

      d.    to consider any application of Lead Counsel, on behalf all Plaintiffs' Counsel, for attorney's fees and litigation expenses, or an application for an award to Lead Plaintiff or its members;

      e.    to consider Class Members' objections to the Settlement, if any, provided that they validly submitted an objection in accordance with this Order and the Settlement Notice; and

      f.    to rule upon such other matters as the Court may deem appropriate.

4.    The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded fees or expenses.

5.    The Court approves the form, substance, and requirements of (a) the Settlement Notice, (b) the Proof of Claim Form, (c) the Summary Settlement Notice, and (d) Postcard Notice, all of which are exhibits to the Stipulation.

6.    Lead Counsel have the authority to enter into the Settlement on behalf of the Classes and has the authority to act on behalf of the Classes with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7.    For settlement purposes only, JND Legal Administration is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of Claims. As provided in the Stipulation, prior to the Effective Date of the Settlement,

up to $500,000 in Notice and Administration Costs may be paid to the Claims Administrator without further order of this Court.

8.  Within sixteen (16) calendar days of the entry of this Order, Lead Counsel, through the Claims Administrator, shall either (a) email the Settlement Notice and Proof of Claim Form to Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Stipulation as Exhibits A-1 and A-2 or (b) mail the Postcard Notice, substantially in the form Annexed to the Stipulation as Exhibit A-4, or the Settlement Notice and Proof of Claim Form to Class Members by first-class mail, postage prepaid, to Class Members who can be identified with reasonable effort by Lead Counsel, through the Claims Administrator. These documents shall be translated into Hebrew for dissemination to Class Members with mailing addresses in Israel.

9.  In the previously disseminated Class Notice, nominees and custodians were advised that if they (a) purchased or otherwise acquired Perrigo common stock during the period April 21, 2015 from May 2, 2017, inclusive, or (b) held Perrigo common stock as of as of the market close on November 12, 2015 and through at least 8:00 a.m. eastern time on November 13, 2015, for the beneficial interest of persons or entities other than themselves, that they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from the Notice Administrator sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and last known addresses of all such beneficial owners to the Notice Administrator.

(a)  For nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), the Claims Administrator shall forward the same

number of Postcard Notices or the same number of Settlement Notices and Proof of Claim Forms (together, the "Settlement Notice Packet") to such nominees, and the nominees shall, within seven (7) calendar days of receipt of the Postcard Notice or Settlement Notice Packets, mail such document(s) to their beneficial owners;

(b) For nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial owners to the Notice Administrator), the Claims Administrator shall promptly mail a Postcard Notice or Settlement Notice Packet to each of the beneficial owners whose names and addresses the nominee previously supplied. Unless the nominee has names and addresses of beneficial owners whose names and addresses were not previously provided to the Notice Administrator, or the nominee is aware of name and address changes for these beneficial owners, these nominees need not take any further action;

(c) For nominees who purchased or otherwise acquired Perrigo common stock during the Class Period (or held Perrigo common stock as of as of the market close on November 12, 2015 and through at least 8:00 a.m. eastern time on November 13, 2015) for beneficial owners whose names and addresses were not previously provided to the Notice Administrator or if a nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided, such nominees shall within seven (7) calendar days of receipt of the Postcard Notice or Settlement Notice Packet, provide a list of the names, addresses, and email addresses of all such beneficial owners to the Claims Administrator, or shall request sufficient copies of the Postcard Notice or Settlement Notice Packet to forward to all such beneficial owners which the nominee shall, within seven (7) calendar days of receipt of those documents, mail to the beneficial owners;

(d) Alternatively, in lieu of mailing the Postcard Notice or Settlement Notice Packet, nominees may request an electronic link to the Settlement Notice and Proof of Claim Form ("Notice and Claim Link"), and email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available. Similarly, if the Claims Administrator receives an email address from a nominee, it will send a Notice and Claim Link electronically to those potential Class Members; and

(e) The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Claims Administrator; up to $0.05 per Postcard Notice or Notice and Proof of Claim Form mailed plus postage at the rate used by the Claims Administrator; or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Postcard Notice or the Settlement Notice and Proof of Claim Form as required by this Order.

11. Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Settlement Notice and Proof of Claim Form to be posted on the Settlement website within sixteen (16) calendar days after entry of this Order.

12. Lead Counsel, through the Claims Administrator, shall cause the Summary Settlement Notice to be published electronically on a national U.S. wire service such as *GlobeNewswire* or *PR Newswire* within ten (10) calendar days after the mailing/emailing of notice.

Lead Counsel, through the Claims Administrator, shall also cause the Summary Settlement Notice to be published electronically in Hebrew on a newswire with national coverage in Israel within ten (10) calendar days after the mailing/emailing of notice.  Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Settlement Notice.

13. The forms and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

14. As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Perrigo shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

15. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

7

a. A properly completed and executed Proof of Claim Form must be submitted to the Claims Administrator: (a) electronically through the Settlement website, www.PerrigoSecuritiesLitigation.com, by 11:59 p.m. Eastern Time on _____, 2024; or (b) at the Post Office Box indicated in the Settlement Notice, postmarked no later than _____, 2024 (ten (10) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim Form shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from JND Legal Administration for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Settlement Notice.

b. the Proof of Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims

8

    Administrator or Lead Counsel; (iii) if the Person executing the Proof of Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim Form; and (iv) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Claim, it shall determine whether such Claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose Claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice (or a lesser time period if the Claim was untimely), serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

    d. As part of the Proof of Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Claim, nor shall any discovery from or of Lead Plaintiff or Defendants, or of their counsel or the Claims Administrator be allowed on any topic.

16. All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

17. Class Members, having already been provided a full and fair opportunity to timely exclude themselves pursuant to Class Notice and/or notice and motion, as several persons did, shall not be afforded further opportunity to exclude themselves. *See, e.g., Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1309 (C.D. Cal. 2017) (holding that neither due process nor Rule 23(e) require a second opportunity to exclude), *aff'd*, 881 F.3d 1111 (9th Cir. 2018).

18. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for attorney's fees and litigation expenses, provided, however, that no Class Member or other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that person has served the objection upon the following at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

| **Lead Counsel:**<br>Joshua B. Silverman<br>Pomerantz LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603<br><br>James Harrod<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 | **Defendants' Counsel:**<br>James D. Wareham<br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>801 17th Street, NW<br>Washington, DC 20006<br><br>Reed Brodsky<br>Gibson, Dunn & Crutcher LLP<br>200 Park Ave<br>New York, New York 10166 |
|---|---|

To be valid, any such objection: (a) must identify the case name and docket number, *Roofer's Pension Fund v. Papa, et al.*, No. 1:16-cv-02805 (RMB) (LDW) (D.N.J.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including (i) the number of shares of Perrigo common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, April 21, 2015 through May 2, 2017, inclusive), as well as the transaction dates, number of shares, and prices of each such purchase/acquisition and sale; and (ii) the number of shares of Perrigo common stock that objecting Class Member owned as of November 12, 2015 and still held through at least 8:00 a.m. on November 13, 2015. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized

statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

19. Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 18 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Class Member or other person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of expenses, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

21. The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Classes.

22. Lead Plaintiff and Lead Counsel's opening papers in support of final approval of the Settlement and the Plan of Allocation and/or any application for attorney's fees and litigation

expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing.

23. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any application for attorney's fees and litigation expenses shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

24. Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and litigation expenses, or expenses or payments to Lead Plaintiff and its members submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25. The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26. Pending final determination of whether the Settlement should be approved, Lead Plaintiff and Class Members shall be enjoined from commencing, continuing, prosecuting, or attempting to prosecute any Released Plaintiffs' Claim against any Defendants' Releasee in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation.

27. Neither the Memorandum of Understanding, the Stipulation, including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), this Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with this

Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Lead Plaintiff; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

14

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any person against the Parties or any Releasee, and each Party shall be restored to his, her or its respective litigation positions as of March 14, 2024, pursuant to the terms of the Stipulation.

29. The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above. The Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

DATED:

_____
Hon. Leda Dunn Wettre

15

United States Magistrate Judge